IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOREEN DIRECTO TROXEL, individually, <br><br> Plaintiff, <br><br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE BENEFIT OF THE CERTIFICATEHOLDER FOR <u>ARGENT</u> SECURITIES TRUST 2006-MI, ASSET BACKED PASS-THROUGH CERTIFICATES, 2006-MI; JOHN AND JANE DOE; CORPORATIONS OR OTHER ENTITIES and DOES 1-100 inclusive, <br><br> Defendants. | CIVIL 14-00342 LEK-RLP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE
<u>TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

On March 18, 2015, Defendant Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Agent Securities Trust 2006-M1, Asset Backed Pass-Through Certificates, Series 2006-M1, erroneously sued as Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholder for Agent Securities Trust 2006-MI, Asset Backed Pass-Through Certificates, 2006-MI ("Deutsche Bank"), filed its Motion to Dismiss Complaint for Failure to State a Claim upon which Relief Can Be Granted ("Motion"). [Dkt. no. 12.] On May 28, 2015, this Court issued

an Entering Order ("EO") finding the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  [Dkt. no. 15.]

On June 26, 2015, pro se Plaintiff Loreen Directo Troxel ("Plaintiff") filed a document that this Court subsequently construed as her memorandum in opposition to the Motion.  [Dkt. nos. 20, 21.]  Plaintiff also filed another memorandum in opposition on June 30, 2015, and Deutsche Bank filed its reply on July 6, 2015.  [Dkt. nos. 23, 24.]  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Deutsche Bank's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her Complaint on July 29, 2014. According to the Complaint, Plaintiff obtained a loan secured by a promissory note and a mortgage on the property at issue in this action ("the Property") on April 25, 2006.  The original lender was Argent Mortgage Company, LLC ("Argent").  Plaintiff states that, on February 4, 2014, she sent Deutsche Bank a notice stating that, *inter alia*, she was disputing the debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  She requested a copy of the recorded assignment of her

note and mortgage, which she alleges was necessary for Deutsche Bank to collect payments on the loan and to pursue the foreclose proceedings that were initiated against the Property. On March 27, 2014, Ocwen Loan Servicing, LLC ("Ocwen") provided Plaintiff with copies of an assignment by Citi Residential Lending Inc. ("Citi"), on behalf of Argent, in favor of Deutsche Bank. [Complaint at ¶¶ 7-10.]

Plaintiff argues that the assignment to Deutsche Bank is invalid because: it was not recorded; [id. at ¶ 10;] the persons who signed or notarized the document did not have authority to do so, and were in fact "robo-signers[;]" [id. at ¶¶ 10, 12 (emphasis omitted);] the note and mortgage were not assigned to Deutsche Bank's trust prior to the closing date required by the Pooling Service Agreement ("PSA"); [id. at pg. 7, ¶ 14;[1]] and "the purported assignments and transfers of Plaintiffs [sic] debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable 'True Sales'" [id. at pg. 8, ¶ 16]. Plaintiff therefore alleges that the assignment is null and void. [Id. at pg. 9, ¶¶ 17, 19.]

It is not clear what specific claims Plaintiff is alleging because the Complaint does not identify individual

---

[1] The paragraphs of the Complaint are misnumbered; there are two sets of paragraphs numbered 13 through 18. See Complaint at pgs. 5-9.

3

counts.  Instead, the Complaint alleges that Defendant

> was misleading for providing the Plaintiff an
> Unrecorded and false assignment of mortgage,
> defendant violates fraud, misleading, intentional
> misrepresentation, conspiracy, Unfair Deceptive
> Business Practices Act and Fair Debt Collection
> Practices Act for providing "UNRECORDED ASSIGNMENT
> OF MORTGAGE" and therefore the defendant has lack
> of Standing to foreclose on the Plaintiff. . . .

[Id. at ¶ 11 (emphasis in original).]  The caption of the Complaint includes a similar list.  [Id. at pg. 1.]  Plaintiff seeks the following relief: a finding that she is the rightful title holder for the Property and that Deutsche Bank has no interest in it; an order preventing the assignment from being recorded with the State of Hawai`i Bureau of Conveyances ("BOC"); an award of compensatory, special, and general damages; and any other appropriate relief.  [Id. at pgs. 9-10.]

In the instant Motion, Deutsche Bank asks this Court to dismiss all of Plaintiff's claims with prejudice.

## DISCUSSION

### I. Procedural Issues

At the outset, this Court must address the procedural issues regarding what materials are properly before it in connection with the Motion.

#### A. Judicial Notice

First, Deutsche Bank asks this Court to take judicial notice of the three exhibits attached to the Motion.  [Mem. in

Supp. of Motion at 2-3 nn.3-5.]  They are:

-Exhibit 1, the Mortgage between Plaintiff as the borrower and
    Argent as the lender, recorded with the BOC on April 28,
    2006 as document number 2006-079139 ("Mortgage");

-Exhibit 2, the assignment of Plaintiff's Mortgage by Citi in
    favor of Deutsche Bank National Trust Company, as Trustee
    for, Argent Securities Inc. Asset Back Pass-Through
    Certificates, Series 2006-M1, under the Pooling and
    Servicing Agreement Dated June 1, 2006, effective
    February 11, 2009, recorded with the BOC on February 23,
    2009 as document number 2009-025642 ("February 2009
    Assignment"); and

-Exhibit 3, the assignment of Plaintiff's Mortgage by Deutsche
    Bank National Trust Company, as Trustee for, Argent
    Securities Inc. Asset Back Pass-Through Certificates, Series
    2006-M1, under the Pooling and Servicing Agreement Dated
    June 1, 2006, in favor of Deutsche Bank National Trust
    Company, as Trustee in trust for the benefit of the
    Certificateholders for Argent Securities Trust 2006-M1,
    Asset-Backed Pass-Through Certificates, Series 2006-MI,
    dated October 8, 2009, recorded with the BOC on October 20,
    2009 as document number 1009-161014 ("October 2009
    Assignment").[2]

Deutsche Bank argues that this Court can take judicial notice of these exhibits because they are publicly available documents.

This Court agrees and GRANTS Deutsche Bank's request. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). This Court will consider the Mortgage and the Assignments in ruling on the portion of the Motion seeking dismissal for failure to state a

---

[2] This Court will refer to the February 2009 Assignment and the October 2009 Assignment collectively as the "Assignments."

claim. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (stating that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

### B. **Plaintiffs' Second Memorandum in Opposition**

In its reply, Deutsche Bank asks this Court to strike Plaintiffs' second memorandum in opposition because it was untimely and because Plaintiff did not seek leave of court to file a second memorandum in opposition.

Plaintiff's memorandum in opposition was due by June 26, 2015. See EO, filed 6/10/15 (dkt. no. 17), at 2. As previously noted, Plaintiff filed a document on June 26, 2015, and this Court construed it as her memorandum in opposition. Plaintiff filed another memorandum in opposition on June 30, 2015 ("6/30/15 Memorandum"), without seeking leave of court to do so.

Local Rule 7.4 states, in pertinent part, that "[a]ny opposition or reply that is untimely filed may be disregarded by the court or stricken from the record," and, other that the memorandum in opposition and the reply, "[n]o further or supplemental briefing shall be submitted without leave of court." Thus, this Court has the discretion to strike or disregard

Plaintiff's 6/30/15 Memorandum because Plaintiff filed it after the June 26 deadline and because she did not obtain leave of court to file a supplemental memorandum.  Although this Court does not condone Plaintiff's failure to follow the applicable rules, it declines to strike Plaintiff's 6/30/15 Memorandum because: 1) Plaintiff is proceeding pro se; and 2) the filing of the 6/30/15 Memorandum did not prejudice Deutsche Bank.  Deutsche Bank which was able to address both of Plaintiff's memoranda in its reply, and, although Plaintiff filed the 6/30/15 Memorandum after her deadline, Deutsche Bank was able to file its reply by the July 6, 2015 deadline.  This Court therefore DENIES Deutsche Bank's request to strike or disregard the 6/30/15 Memorandum.

This Court, however, reminds Plaintiff that her pro se status does not excuse her from complying with the applicable court rules.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)).  This Court CAUTIONS Plaintiff that it may strike future filings that are untimely or future supplemental memoranda that Plaintiff submits without obtaining leave of court.

The Court now turns to the merits of the Motion.

## II. **Lack of Jurisdiction**

Deutsche Bank first argues that this Court should dismiss Plaintiff's claims because her Complaint does not include

"a short, plain statement of the grounds for this Court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1). [Mem. in Supp. of Motion at 4.] It is true that the section of Plaintiff's Complaint titled "JURISDICTION" only addresses where the events at issue in this case occurred. See Complaint at ¶¶ 5-6. This Court, however, must liberally construe the Complaint because Plaintiff is proceeding pro se. See, e.g., Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014) (reviewing the dismissal of the plaintiff's claims de novo and noting that the Ninth Circuit "constue[s] pro se complaints liberally"). Liberally construing the caption of the Complaint and paragraph 11, quoted *supra*, this Court FINDS that Plaintiff is attempting to plead a claim under the FDCPA. Thus, this Court CONCLUDES that there is at least one claim in the Complaint over which it has federal question jurisdiction.[3] See 28 U.S.C.

---

[3] Plaintiff may be attempting allege diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]"). She alleges that she is a Hawai`i resident. [Complaint at ¶ 1.] She also alleges that Deutsche Bank is "authorized to do business in the [sic] Hawaii," and it "is located at 300 South Grand Avenue 41st Floor, Los Angeles, CA 90071, United States and located at 1761 Rast St., Andrew Place, Santa Ana, CA 92705." [Id. at ¶¶ 2-3.] However, she has not pled allegations sufficient to establish the amount in controversy, and she has not pled allegations regarding Deutsche Bank's state of incorporation and its principal place of business. See § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been
(continued...)

§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This Court also notes that, if any of Plaintiff's federal law claims survives the motion to dismiss stage, it would have the discretion to exercise supplemental jurisdiction over her state law claims, if it finds that the state law claims are so factually related to the federal law claims as to be part of the same case or controversy. See 28 U.S.C. § 1367.

Deutsche Bank's Motion is therefore DENIED as to its request to dismiss the Complaint for lack of jurisdiction.

### III. **Failure to State a Claim**

Deutsche Bank next argues that this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to plead any plausible claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

³(...continued)
incorporated and of the State or foreign state where it has its principal place of business").

This Court therefore concludes that the Complaint does not allege a basis for diversity jurisdiction. However, it may be possible for Plaintiff to amend her complaint to allege a basis for diversity jurisdiction.

570, 127 S. Ct. 1955 (2007))).

A. **Federal Law Claims**

1. **FDCPA Claim**

As previously noted, Plaintiff alleges a FDCPA claim against Deutsche Bank. The FDCPA provides, *inter alia*, that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[4] 15 U.S.C. § 1692e. Plaintiff's argument appears to be that Deutsche Bank violated the FDCPA because it provided her with one of the Assignments - which she alleges was misleading - in connection with the collection of payments on her mortgage loan and the attempted foreclosure on her property. However, it is well-recognized that:

> original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as "debt collectors." See, e.g., Lyons v. Bank of Am., NA, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts."); Radford v. Wells Fargo Bank, 2011 WL 1833020, at *15 (D. Haw. May 13,

---

[4] For purposes of the FDCPA:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .

15 U.S.C. § 1692a(6).

10

2011) (collecting cases stating that original lenders and mortgage servicing companies are not "debt collectors"); Sakugawa v. IndyMac Bank, F.S.B., 2010 WL 4909574, at *5 (D. Haw. Nov. 24, 2010) (dismissing FDCPA claim because the mortgage broker was not a "debt collector").

Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *6 (D. Hawai`i Apr. 30, 2015) (some citations omitted). Deutsche Bank is not attempting to collect the debt of another; it is attempting to collect on an account that it owns by virtue of the Assignments.

Plaintiff may be alleging that Deutsche Bank is attempting to collect the debt of another because the assignment of her loan to Deutsche Bank's securitization trust is invalid. This argument, however, fails as a matter of law. This district court has stated:

> it is well established that a plaintiff borrower does not have standing to challenge the validity of assignments to securitization trusts. See, e.g., Brodie v. Nw. Trustee Servs., Inc., 579 F. App'x 592, 593 (9th Cir. 2014) ("The district court also correctly concluded that [plaintiff/mortgagor] lacks standing to challenge the transfer and assignment of the note and deed of trust. She is neither a party to nor a beneficiary of the assignment and transfer."); Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79 (2d Cir. 2014) (district court "properly ruled that plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries.") This is because "borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement[.]" U.S. Bank, N.A. v. Salvacion, 338 P.3d 1185, 1190 (Haw. App. 2014) (recognizing that "[r]ecent decisions by State and Federal courts in

> Hawai`i have 'rejected identical arguments . . . contesting the validity of assignments to securitization trusts.").
>
> Recently, in <u>Hunt v. U.S. Bank, N.A.</u>, 2015 WL 738067 (9th Cir. Feb. 23, 2015) (unpublished), the Ninth Circuit Court of Appeals rejected an argument similar to that made by Plaintiff here. In <u>Hunt</u>, the borrowers challenged the bank's authority to foreclose based on alleged defects in the securitization process and the validity of the assignments. In upholding the district court's dismissal of Plaintiff's claims, the Court noted that the plaintiffs, similar to the Plaintiff here, had executed a note and deed of trust allowing for the lender to transfer the note without notice and did not dispute that they defaulted on their loan. <u>Hunt</u>, [593] Fed. Appx. at 732. The Court reasoned: "Even if the improper securitization occurred or the assignments were fraudulent, the Hunts are not a party to those transactions and are not the victims." <u>Id.</u>

<u>Uy v. HSBC Bank USA, Nat'l Ass'n</u>, Civ. No. 14-00261 HG-KSC, 2015 WL 1966689, at *6 (D. Hawai`i Apr. 30, 2015) (alterations in <u>Uy</u>).

Similarly, in the present case, Plaintiff agreed that her promissory note and the Mortgage could "be sold one or more times without prior notice to" her, [Motion, Exh. 1 (Mortgage) at ¶ 20,] and there is no indication in the Assignments that Plaintiff was a party to, or an intended third-party beneficiary of, those instruments. See <u>id.</u>, Exh. 2 (February 2009 Assignment); <u>id.</u>, Exh. 3 (October 2009 Assignment). Thus, even if there was impropriety or fraud in the execution of the Assignments, Plaintiff was not the victim, and she does not have standing to challenge Deutsche Bank's ownership of her loan. See <u>Hunt</u>, 593 F. App'x at 732.

Even assuming that the factual allegations in the Complaint about the Assignments are true,[5] Deutsche Bank is the owner of Plaintiff's mortgage loan, and therefore it is not a debt collector for purposes of the FDCPA. This Court CONCLUDES that Plaintiff's FDCPA claim fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Further, this Court FINDS that it is clear that Plaintiff cannot cure the deficiencies in this claim by amendment. Plaintiff's FDCPA claim is therefore DISMISSED WITH PREJUDICE, *i.e.* without leave to amend. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).

### 2. RESPA Claim

Deutsche Bank argues that the Complaint fails to plead a plausible claim under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq*. It is not clear whether Plaintiff alleges a RESPA claim in the first instance. She does not refer to RESPA in either the caption of the Complaint or

---

[5] To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, **on the assumption that all the allegations in the complaint are true** (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasis added) (footnote and citations omitted).

paragraph 11, the two places where she lists her claims against Deutsche Bank.  According to Plaintiff, on February 4, 2014, she sent Deutsche Bank a document titled "Notice of Dispute Debt as Required by the Fair Debt Collection Practices Act.  15 U.S.S. Section 1692 and Qualified Written Request."  [Complaint at ¶ 8, Exh. A.]  She states that, on March 27, 2014, Ocwen sent her response, along with two copies of an assignment regarding her loan.  [Id. at ¶ 9, Exh. B.[6]]

Plaintiff may be attempting to allege a RESPA claim based upon the failure to respond to her Qualified Written Request ("QWR") within the period required under the statute, or she may be alleging that the response was misleading because it was based upon the allegedly invalid assignment.  See, e.g., 12 U.S.C. § 2605(e)(1) (requiring "any servicer of a federally related mortgage" who receives "a qualified written request from the borrower" to provide the borrower with written acknowledgment of receipt within five days); § 2605(e)(2) (requiring the servicer to take certain action "[n]ot later than 30 days (excluding legal public holidays, Saturdays, and Sundays)" after receipt of the QWR).  However, the fact the Complaint does not allege what specific provision Deutsche Bank allegedly violated

---

[6] The Court notes that the assignment attached to the Complaint as Exhibit B has six pages, two of which appear to be identical to two of the three pages in the February 2009 Assignment.  The other four pages of Plaintiff's Exhibit B are not contained in either of the Assignments.

14

is sufficient ground to dismiss any RESPA claim that Plaintiff is attempting to bring. See, e.g., Uy, 2015 WL 1966689, at *8 ("Plaintiff fails to cite any specific provision of RESPA that Defendants HSBC Bank and Ocwen allegedly violated. Failure to do so is grounds for dismissal."). Further, the Complaint fails to state a plausible RESPA claim because it does not allege how the untimely and/or misleading response to Plaintiff's QWR caused her to suffer damages. See Tedder v. Deutsche Bank Nat'l Trust Co., 863 F. Supp. 2d 1020, 1035 (D. Hawai`i 2012) (dismissing the plaintiff's RESPA claim because she "fail[ed] to explain how any RESPA violation involving Defendants' alleged failure to respond to her QWR has caused her pecuniary loss").

To the extent that the Complaint attempts to allege a RESPA claim, this Court CONCLUDES that Plaintiff fails to state a claim upon which relief can be granted. This Court, however, FINDS that it is arguably possible for Plaintiff to cure the defects in this claim by amendment. Plaintiff's RESPA claim is therefore DISMISSED WITHOUT PREJUDICE.

**B. State Law Claims**

Plaintiff's remaining claims - fraud, intentional misrepresentation, misleading,[7] conspiracy, and unfair and

---

[7] Deutsche Bank argues that this Court should construe Plaintiff's claim based on "misleading" as a claim for negligent misrepresentation. [Mem. in Supp. of Motion at 10.]

15

deceptive business practices[8] - are state law claims. Because this case is in its early stages and this Court has dismissed Plaintiff's only federal law claims, this Court declines to exercise supplemental jurisdiction over her state law claims at this time. See § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"). This Court makes no findings or conclusions about the merits of Plaintiff's state law claims at this time.

This Court therefore DISMISSES Plaintiff's state law claims. The dismissal is WITHOUT PREJUDICE because this Court has dismissed Plaintiff's RESPA claim without prejudice, see *supra* Section III.A.2, and because Plaintiff may be able to amend her Complaint to allege a basis for diversity jurisdiction. See *supra* note 2.

In order to provide guidance to Plaintiff if she chooses to amend her Complaint, this Court points out that her fraud claim is subject to the heightened pleading standard

---

[8] Plaintiff's claim for violation of the Unfair Deceptive Business Practices Act appears to be an attempt to invoke the Hawai`i Unfair and Deceptive Trade Practices Act. See Haw. Rev. Stat. § 480-2(a) ("unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful"). Such claims alleging violations of § 480-2 are referred to as "UDAP claims." See, e.g., Barber v. Ohana Military Communities, LLC, Civil No. 14-00217 HG-KSC, 2014 WL 3529766, at *8 (D. Hawai`i July 15, 2014).

required by Fed. R. Civ. P. 9(b). Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." This district court has noted that Rule 9(b)'s heightened pleading standard "requir[es] a party to state with particularity the circumstances constituting fraud. In other words, '[a]verments of fraud must be accompanied by the who, what, when where and how of the misconduct charged.'" Pregana, 2015 WL 1966671, at *5 (some citations and internal quotation marks omitted) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Plaintiff's intentional misrepresentation claim is also subject to the heightened pleading standard. See Adwalls Media, LLC v. Ad Walls, LLC, Civil No. 12-00614 SOM/BMK, 2015 WL 419664, at *8 (D. Hawai`i Jan. 30, 2015) (noting that "[f]raudulent misrepresentation claims are subject to the heightened pleading requirements of Rule 9(b)" (citation omitted)). However, if Deutsche Bank is correct that Plaintiff's claim based on "misleading" is an attempt to allege a claim for negligent misrepresentation, the claim is not subject to the heightened pleading standard for fraud-based claims. See Soriano v. Wells Fargo Bank, N.A., Civil. No. 11-00044 SOM/KSC, 2012 WL 1536065, at *13 (D. Hawai`i Apr. 30, 2012) ("Although a negligent misrepresentation claim in

17

some jurisdictions is subject to Rule 9(b), a negligent misrepresentation claim under Hawaii law is not." (citations omitted)).

To the extent that Plaintiff's UDAP claim is based on allegedly fraudulent business practices, that claim must also satisfy the Rule 9(b) pleading standard. See Barber, 2014 WL 3529766, at *8 ("A UDAP claim alleging fraudulent business practices must be pled with particularity, pursuant to Federal Rule of Civil Procedure 9(b)."). Similarly, if the object of the conspiracy at issue in Plaintiff's conspiracy claim is fraudulent, that claim must satisfy the Rule 9(b) pleading standard. See Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotation marks omitted)).

## IV. Leave to Amend

This Court has dismissed Plaintiff's RESPA claim and her state law claims - fraud, intentional misrepresentation, misleading, conspiracy, and unfair and deceptive business practices - without prejudice. If Plaintiff wishes to amend these claims, she must file an amended complaint by **August 31, 2015.** Plaintiff's amended complaint must include all of the claims that she wishes to pursue, as well as **all** of the allegations that her claims are based upon, even if she

previously presented those allegations in the original Complaint. She cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the Complaint.

This Court CAUTIONS Plaintiff that: if she fails to file her amended complaint by **August 31, 2015**, this Court will dismiss her case with prejudice; or, if any claim in the amended complaint fails to cure the defects identified in this Order, this Court will dismiss that claim with prejudice.

This Court emphasizes that it has not granted Plaintiff leave to make other changes, such as adding new parties, claims, or theories of liability. If Plaintiff wishes to do so, she must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

On the basis of the foregoing, Deutsche Bank's Motion to Dismiss Complaint for Failure to State a Claim upon which Relief Can Be Granted, filed March 18, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: all of Plaintiff's claims are HEREBY DISMISSED; and the dismissal of Plaintiff's claim under the Fair Debt Collections Practices Act is WITH PREJUDICE. The Motion is DENIED insofar as the dismissal Plaintiff's other claims is WITHOUT PREJUDICE.

If Plaintiff chooses to file an amended complaint, she must do by **August 31, 2015**, and the amended complaint must comply

with the terms of this Order.

> IT IS SO ORDERED.

> DATED AT HONOLULU, HAWAII, July 30, 2015.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LOREEN DIRECTO TROXEL VS. DEUTSCHE BANK NATIONAL TRUST COMPANY, ETC., ET AL; CIVIL 14-00342 LEK-RLP; ORDER GRANTING IN PAT AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**