IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOREEN DIRECTO TROXEL, individually, | ) ) ) | CIVIL 14-00342 LEK-RLP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE BENEFIT OF THE CERTIFICATEHOLDER FOR ARGENT SECURITIES TRUST 2006-MI, ASSET BACKED PASS-THROUGH CERTIFICATES, 2006-MI; JOHN AND JANE DOE; CORPORATIONS OR OTHER ENTITIES and DOES 1-100 inclusive, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER**

        Before the Court is pro se Plaintiff Loreen Directo Troxel's ("Plaintiff") Motion to Reconsider Order ("Motion for Reconsideration"), filed on September 28, 2015. [Dkt. no. 32.] The Court has considered this matter as a non-hearing motion pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration and the relevant legal authority, Plaintiff's motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her Complaint on July 29, 2014.  On July 30, 2015, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Complaint for Failure to State a Claim upon which Relief Can Be Granted ("7/30/15 Order").[1]  [Dkt. no. 26.[2]]  In the 7/30/15 Order, this Court dismissed Plaintiff's Complaint in its entirety, but gave her leave to amend her claim under the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605, *et seq.*, and her state law claims - fraud, intentional misrepresentation, misleading, conspiracy, and unfair and deceptive business practices.  [Id. at 18-19.]  This Court cautioned Plaintiff that, if she failed to file her amended complaint by August 31, 2015, or if she filed an amended complaint which did not address the issues identified in the 7/30/15 Order, this Court would dismiss the case with prejudice.  [Id. at 19.]

On August 17, 2015, Plaintiff filed a document titled "Notice to the Court" ("8/17/15 Filing").  [Dkt. no. 30.]  In an

---

[1] Defendant Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Agent Securities Trust 2006-M1, Asset Backed Pass-Through Certificates, Series 2006-M1, erroneously sued as Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholder for Agent Securities Trust 2006-MI, Asset Backed Pass-Through Certificates, 2006-MI  ("Deutsche Bank" or "Defendant"), filed the motion at issue in the 7/30/15 Order ("Motion to Dismiss") on March 18, 2015.  [Dkt. no. 12.]

[2] The 7/30/15 Order is also available at 2015 WL 4603099.

order issued on September 8, 2015 ("9/8/15 Order"), this Court concluded that, even liberally construing the 8/17/15 Filing, the document was neither Plaintiff's amended complaint nor a motion for an extension of time to file her amended complaint. [Dkt. no. 31 at 2-3.]  In light of Plaintiff's failure to file her amended complaint by August 31, 2015, and after considering the relevant factors under Ninth Circuit case law, this Court dismissed Plaintiff's Complaint with prejudice, and directed the Clerk's Office to close the case on September 29, 2015, unless Plaintiff filed a motion for reconsideration by September 25, 2015. [Id. at 3-4.]

In the Motion for Reconsideration, which Plaintiff did not file until September 28, 2015, she asks this Court to, among other things, vacate the 9/8/15 Order and extend her deadline to file her amended complaint to March 29, 2016.

## STANDARD

This Court has explained the standard applicable to motions for reconsideration as follows:

> A motion for reconsideration must
> (1) "demonstrate reasons why the court should
> reconsider its prior decision" and (2) "must set
> forth facts or law of a strongly convincing nature
> to induce the court to reverse its prior
> decision." Hele Ku KB, LLC v. BAC Home Loans
> Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw.
> 2012).  The Ninth Circuit has held that
> reconsideration is appropriate if (1) the district
> court is presented with "newly discovered
> evidence," (2) the district court "committed clear
> error or the initial decision was manifestly

3

unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted).  "Mere disagreement with a previous order is an insufficient basis for reconsideration." Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) (citation omitted).  Further, this Court will not grant reconsideration based on evidence or legal arguments that the party seeking reconsideration could have raised in connection with the original motion.  Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

## DISCUSSION

## I.   Timeliness of the Motion for Reconsideration

First, this Court notes that the 9/8/15 Order stated that Plaintiff was required to file any motion for reconsideration by September 25, 2015.  [9/8/15 Order at 4.] Plaintiff did not file the instant Motion for Reconsideration until three days after the deadline.  This Court does not condone Plaintiff's failure to comply with the deadline, and Plaintiff's pro se status does not excuse her from following the applicable court rules and deadlines.  See Briones v. Riviera Hotel &

4

Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "*pro se* litigants are not excused from following court rules"). However, because her filing was only three days late and there was no prejudice to Deutsche Bank, this Court has considered the merits of the Motion for Reconsideration.

## II. **Merits**

Plaintiff seeks reconsideration of the 9/8/15 Order because she "has come across newly discovered evidence involving the validity of the documents that were filed that would show that the Defendant has committed fraud upon the court and misrepresented material facts which would have ostensibly led the court to a different conclusion, ruling and order." [Motion for Reconsideration at 3-4.] She asserts that the evidence came, in part, from the Federal Bureau of Investigation ("FBI"), and she has a Freedom of Information Act ("FOIA") request pending with the FBI. She argues that the requested information "would provide in greater detail the evidence relevant to this case which vindicates the Plaintiff's action and shows that the Defendant has acted in bad faith and has been engaged in deceptive and unfair business practices in violation of [Haw. Rev. Stat.] § 480-2." [Id. at 4.]

Plaintiff does not dispute the dismissal of her Complaint without prejudice in the 7/30/15 Order; she argues that this Court should reconsider its decision in the 9/8/15 Order to

5

dismiss the Complaint with prejudice.  Plaintiff apparently argues that this Court should give her more time to file her amended complaint in light of the new evidence that she has discovered.  Although Plaintiff anticipates receiving additional evidence in response to her FOIA request, and she does not currently have access to those materials, she also relies upon some evidence that is already in her possession.  See Motion for Reconsideration at 3 (stating that she "**has come across** newly discovered evidence" (emphasis added)); id. at 4 (stating that the response to her FOIA request "would provide **in greater detail** the evidence relevant to this case" (emphasis added)).  Plaintiff, however, did not submit - or even describe - the newly discovered evidence which she has already discovered, nor does she describe the evidence that she expects to obtain in response to her FOIA request.  Further, Plaintiff has not explained why she was unable to present such information in response to the Motion to Dismiss or in a timely motion for an extension of the deadline to file her amended complaint.

This Court acknowledges that Plaintiff has a belief or suspicion that Deutsche Bank committed fraud, but her general belief or suspicion is not a sufficient ground for this Court to grant reconsideration of the 9/8/15 Order.  Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled

to relief."  This Court may have a basis to grant Plaintiff's
Motion for Reconsideration if it established that there was newly
discovered evidence which would allow Plaintiff to amend her
claims so that: 1) each claim contains a short and plain
statement showing that she is entitled to relief; and 2) she
could address the issues identified in the 7/30/15 Order.  The
Motion for Reconsideration, however, does not do so.

This Court emphasizes that it has liberally construed
Plaintiff's filings, and it has not held them to the same
standards that it would apply to filings submitted through an
attorney.  See, e.g., 9/8/15 Order at 2 (citing Watson v. Carter,
668 F.3d 1108, 1112 (9th Cir. 2012); Erickson v. Pardus, 551 U.S.
89, 94 (2007) (per curiam)).  However, even under these liberal
standards, this Court cannot conclude that Plaintiff has
established that there is newly discovered evidence which
warrants reconsideration of the 9/8/15 Order.  Essentially, what
Plaintiff asks for is a six-month extension of the deadline to
file her amended complaint so that she can investigate her claims
and to try to retain an attorney.  [Motion for Reconsideration at
3.]  These are things that Plaintiff should have done before
filing this action or, at the latest, before the expiration of
the deadline to file her amended complaint.  This Court therefore
CONCLUDES that Plaintiff has not established any ground that
warrants reconsideration of the 9/8/15 Order.

7

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Reconsider Order, filed September 28, 2015, is HEREBY DENIED. This Court DIRECTS the Clerk's Office to close this case immediately, pursuant to the September 8, 2015 Order Dismissing Case with Prejudice and the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 2, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LOREEN DIRECTO TROXEL VS. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET. AL; CIVIL 14-00342 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER**